IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANE DALLALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1040-F |
| | ) |
| MICHAEL ASTRUE, | ) |
| Commissioner, Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**<u>REPORT AND RECOMMENDATION</u>**

The Social Security Administration ("SSA") denied an application for benefits. On appellate review, the central issue is whether the administrative law judge adequately explored potential inconsistencies between an expert's testimony and the Dictionary of Occupational Titles ("DOT"). The Court should answer in the negative and reverse.

---

[1] In the complaint, Ms. Jo Anne B. Barnhart was named as the defendant. During the pendency of the action, Mr. Michael Astrue became the Commissioner of the Social Security Administration. Thus, the Court substitutes Mr. Astrue as the defendant. *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) (2000) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

I.      BACKGROUND

Plaintiff Diane Dallaly applied for supplemental security income based on an alleged disability. *See* Administrative Record at pp. 84-85 (certified Nov. 15, 2006) ("Rec.").[2] The SSA denied the application initially and on reconsideration. *Id.* at pp. 28-29. A hearing took place,[3] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform work in the national economy.[4] The Appeals Council declined jurisdiction,[5] and the present action followed.

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). To make this determination, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings . . . ." *Id.* at 1262. If the SSA's decision lacks substantial evidence, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

---

[2] Ms. Dallaly also applied for insurance benefits when she requested supplemental security income. *See* Rec. at pp. 81-83. But the administrative law judge and the Plaintiff referred only to the application for supplemental security income. *See id.* at pp. 12-18, 608; Diane L. Dallaly's Brief and Statement of Position with Authorities at p. 1 (Jan. 18, 2007).

[3] *See* Rec. at pp. 605-20.

[4] Rec. at pp. 12-18.

[5] Rec. at pp. 6-8.

III.   STEP FIVE

At step five, the administrative law judge relied on testimony by the vocational expert ("VE") and concluded that the Plaintiff could perform work as a vending machine attendant or housekeeper. Rec. at pp. 16-17. For both jobs, reversible error occurred when the administrative law judge failed to address potential inconsistencies between the VE's testimony and the DOT.

   A.   <u>The Administrative Law Judge's Duty at Step Five</u>

At step five, an administrative law judge can use the services of a VE. *See* 20 C.F.R. § 416.966 (2005).[6] But prior to reliance on the VE's testimony, the judge must comply with Social Security Ruling 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704 (Dec. 4, 2000).[7] This ruling provides:

> When a VE or [vocational specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or [vocational specialist] evidence and information provided in the DOT. In these situations, the adjudicator will:

---

[6]   The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

[7]   Social security rulings are binding on the administrative law judge. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

> Ask the VE or [vocational specialist] if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> If the VE's or [vocational specialist's] evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

Social Security Ruling 00-4p, 2000 WL 1898704, Westlaw op. at 4.

### B. The Administrative Law Judge's Findings at Step Five

At the hearing, the administrative law judge asked the VE whether an individual with Ms. Dallaly's limitations[8] could perform other work existing in the national economy. Rec. at pp. 617-18. In response, the VE testified that the Plaintiff could work in two jobs that were identified as light and unskilled: vending machine attendant and housekeeper. *Id.* at p. 618. The VE's testimony was potentially inconsistent with the requirements of either job as set forth in the DOT, and the administrative law judge failed to clarify the discrepancies.

---

[8] The administrative law judge found that Ms. Dallaly was limited to "light" work which did not require consistent reading of fine print or extended exposure to pollutants, dusts, or fumes. Rec. at pp. 15, 17.

<u>Vending Machine Attendant</u>

The VE testified that the claimant could work as a "vending machine attendant" even if she could not consistently read fine print. *Id.* at pp. 617-18. The administrative law judge adopted the VE's testimony[9] without inquiry into the potential discrepancy with the DOT.[10]

The DOT requires frequent near acuity for the "vending machine" job. DOT 319.464-014. This requirement creates a question regarding Ms. Dallaly's ability to perform the job in light of her inability to consistently read fine print. *See* 20 C.F.R. pt. 404, Subpt. P, App. 1 § 2.00(A)(1) (2005) ("[l]oss of visual acuity . . . prevents reading and fine work"). But the administrative law judge did not question the VE about the impact of an inability to consistently read fine print on the DOT requirement for frequent near acuity. Without such questioning of the VE, one cannot speculate about the Plaintiff's ability to work as a "vending machine attendant" as the job is defined in the DOT. At a minimum, the administrative law judge should have questioned the VE about the consistency between her testimony and the DOT requirement of frequent near acuity for a "vending machine attendant."

A similar issue arose in *Timmons v. Barnhart*, 118 Fed. Appx. 349 (10th Cir. Sept. 9, 2004) (unpublished op.). There the plaintiff stated that he could not read fine print in a newspaper, but he was deemed capable of working as a backhoe driver. *See Timmons v. Barnhart*, 118 Fed. Appx. at 352. The Tenth Circuit Court of Appeals held that the

---

[9]     Rec. at pp. 16-17.

[10]    *See* Rec. at pp. 617-19.

administrative law judge had erred in part by failing to obtain vocational testimony about the specific visual demands of the backhoe job. *Id.* at 353.[11]

The administrative law judge here committed the same error. He asked the VE about a hypothetical claimant's inability to consistently read fine print, but did not compare this visual limitation to the requirement in the DOT for frequent near acuity. *See supra* p. 5. As a result, the Court lacks any meaningful way to determine whether the VE's testimony was consistent with the DOT and, if not, whether a reasonable explanation existed. The inability to conduct meaningful judicial review is the result of inadequate inquiry of the VE, just as it was in *Timmons v. Barnhart*. Thus, the Court cannot uphold the administrative law judge's decision based on the job of "vending machine attendant."

### Housekeeper

The VE also testified that the Plaintiff could work as a "housekeeper"[12] and the administrative law judge adopted this testimony.[13] Here too the administrative law judge failed to question the VE about potential inconsistencies with the DOT.

The expert identified the "housekeeper" job when asked about a hypothetical claimant limited to "light" and "unskilled" work. Rec. at pp. 617-18. But the DOT lists multiple

---

[11] The SSA has noted that "a constriction of visual fields" can cause a "person to be a hazard to self and others," which would significantly diminish the occupational basis for light work. Social Security Ruling 83-14, *Titles II and XVI: Capability to Do Other Work - The Medical-Vocational Rules as a Framework for Evaluating a Combination of Exertional and Nonexertional Impairments*, 1983 WL 31254, Westlaw op. at 5 (1983).

[12] Rec. at pp. 617-18.

[13] Rec. at pp. 16-17.

housekeeping jobs which are considered "skilled" or beyond a "light" residual functional capacity.[14] As a result, the judge should have inquired into the potential inconsistency between the VE testimony and the DOT requirements for a housekeeping job. *See Webster v. Barnhart*, 187 Fed. Appx. 857, 861 n.3 (10th Cir. July 3, 2006) (unpublished op.) (reversing when the VE's testimony was "too ambiguous to discern its precise meaning and, therefore, [rendering] it [ ] impossible to determine whether there [was] a conflict between [the VE's] testimony and the DOT").

In light of the VE's failure to identify the job code for the "housekeeping" position, the administrative law judge had a duty to inquire into potential inconsistencies with the DOT. *See* Rec. at pp. 617-19. The judge failed to do so, and the omission prevents affirmance based on the housekeeping job. *See Smith v. Barnhart*, 172 Fed. Appx. 795, 799 (10th Cir. Feb. 28, 2006) (unpublished op.) (holding that the administrative law judge erred in relying on a job which the DOT had classified as "medium" work when the judge had asked the VE about a claimant who could only perform "light" work).

IV.     THE PLAINTIFF'S REMAINING CLAIMS

Ms. Dallaly also alleges: (1) legal error in the consideration of certain medical evidence, (2) failure to include limitations in the residual functional capacity, and (3) error in the credibility analysis. But in light of the suggested remand, the Court need not address

---

[14]     *See*, *e.g.*, DOT 187.167-046; 301.137-010; 301.474-010; 321.137-010; 323.687-010; 381.687-014; *see also Thunderbull v. Barnhart*, 85 Fed. Appx. 67, 70 (10th Cir. Dec. 15, 2003) (unpublished op.) ("The Dictionary of Occupational Titles . . . states that the job of housekeeper/maid is performed in the national economy at the medium exertional level." (citing DOT § 323.687-010)).

these arguments. *See Parrish v. Apfel*, 242 F.3d 390, 2000 WL 1694070, Westlaw op. at 1 (10th Cir. Nov. 13, 2000) (unpublished op.) (declining to address arguments in light of a remand based on the administrative law judge's failure to clarify inconsistencies between the DOT and the VE's testimony).

V.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. See 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 6, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 17th day of May, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge